IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **TETRONICS (INTERNATIONAL) LIMITED (United Kingdom)**, <br><br> *Plaintiff*, <br><br> v. <br><br> **BLUEOAK ARKANSAS, LLC,** <br><br> *Defendant.* | § § § § § § § § § § § § § <br> **Civil Action No**. 4:20-cv-530-SWW |

**BLUEOAK ARKANSAS, LLC'S BRIEF IN SUPPORT OF ITS MOTION
(1) TO SET ASIDE ENTRY OF DEFAULT, AND
(2) TO STAY THIS SUIT PENDING THE OUTCOME OF THE ANNULMENT
PROCEEDINGS, OR, ALTERNATIVELY,
(3) <u>TO REFUSE RECOGNITION OF THE ARBITRAL AWARD</u>**

Defendant BlueOak Arkansas, LLC ("BlueOak") moved for this Court (1) to set aside the default entered against it by the Clerk of Court, (2) to stay these proceedings pending the decision of a French court (with primary jurisdiction) to annul the arbitration award, or, alternatively, (3) to refuse recognition of the arbitral award. This Brief is submitted in support of BlueOak's Motion.

## BACKGROUND

Plaintiff Tetronics (International) Limited (United Kingdom) ("Tetronics") filed its Complaint to Confirm an Arbitral Award on May 19, 2020 (Dkt. No. 1). Tetronics thereafter filed its Motion to Confirm an Arbitral Award and Brief in Support thereof, attaching the Final Award, on May 21, 2020. (Dkt. Nos. 2, 3). Tetronics Plaintiff later filed its Amended Complaint on July 1, 2020, (Dkt. No. 8, the live pleading, hereinafter the "Amended Complaint"), thus BlueOak's

response to the Amended Complaint was due July 20, 2020. Two days after BlueOak's response to the Amended Complaint was due, on July 22, 2020, Plaintiff filed its Motion for Entry of Default. (Dkt. No. 10).

Tetronics, however, failed to send any notice of this proceeding to BlueOak's lawyers in the arbitration proceeding. Moreover, Tetronics failed to notify this Court that there was an ongoing, first-filed lawsuit to set aside ("annul") the arbitration award. Finally, BlueOak did not get actual notice of this proceeding.

BlueOak was created to operate an industrial furnace that Tetronics never successfully commissioned. As a result, BlueOak went out of business. All of its assets were auctioned off to satisfy creditors and there are no employees at its former premises. To BlueOak's knowledge, its registered agent for service of process in Arkansas, CT Corporation System ("CT Corp"), who was served with the Complaint and Amended Complaint, never forwarded the same to Ms. Jennifer Satorius (BlueOak's former Director of Finance and Accounting), probably because CT Corp sent the notice to the now abandoned facility. *See* Decl. of Jennifer Satorius, attached hereto as Exhibit A, at ¶¶ 3-5. Tetronics further failed to send any notice of these proceedings to BlueOak's counsel in the arbitration. BlueOak received actual notice of this lawsuit and entry of default against it because its counsel conducted an independent search of the Pacer CM/ECF filing database. *See id*. at ¶ 5.

On July 23, 2020, the Clerk of Court entered a Clerk's Default against BlueOak (*see* Dkt. No. 11). No final judgment has been entered as of the filing of BlueOak's Motion.

### ARGUMENT IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT JUDGMENT

The entry of the Clerk's Default should be set aside because any delay in responding on BlueOak's part was for good cause – the delay will cause no prejudice to Tetronics, BlueOak also

has a meritorious defense, and BlueOak has acted with diligence in moving to set aside the Entry of Default once it had actual knowledge of the same.

Public policy favors determining cases on the merits and not over technicalities. When determining whether to set aside an entry of default, Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). There is a "judicial preference for adjudication on the merits," *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993), and it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998).

As set forth in the Federal Rules, where there is no final judgment entered (as is the case here), the defaulting party need only show good cause. *See id.* at 784. Good cause is a liberal standard that is evaluated based on varying factors and case needs. *See, e.g., Union Pac. R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782 (8th Cir. 2001). In applying this standard, the Eighth Circuit has focused heavily on the "blameworthiness of the defaulting party," as well as whether the defaulting party has a meritorious defense and if the other party would be prejudiced in setting aside the entry of default. *See Johnson*, 140 F.3d at 784.

*First*, BlueOak did not act with willfulness or bad faith in failing to timely respond to Tetronics' Amended Complaint. To the contrary, BlueOak's officers and members have still not directly received the forwarded notice of service from its registered agent, CT Corp, but rather, were able to find it once they were notified of this action. If CT Corp attempted to forward the notice to BlueOak at its physical address in Osceola, Arkansas, that address (and the facility) is permanently closed. Like the defendant in *Union Pac. R. Co. v. Progress Rail Servs. Corp.*, 256

F.3d 781, 783 (8th Cir. 2001), BlueOak's failure to respond was the result of a "simple error that left it unaware of [Plaintiff's] lawsuit."

*Second*, as soon as BlueOak had actual notice of the default judgment against it, it promptly filed this Motion. This was all done within only four days of when it was originally supposed to respond to Tetronics' Amended Complaint under the relevant rules. There is further no showing that this short term delay undermined Tetronics' ability to advance its claim in any way, weighing heavily in favor of setting aside the entry of default. *See Hoover v. Valley West DM*, 823 F.2d 227, 230 (8th Cir.1987).

*Third*, and as set forth in further detail below, BlueOak's defenses have considerable merit. *See MIF Realty L.P. v. Rochester Associates*, 92 F.3d 752, 756 (8th Cir.1996). It would not disrupt the judicial process in any measurable way if this Court grants BlueOak's requested relief.

For these reasons, BlueOak prays that this Court set aside the Entry of Default for good cause.

## ARGUMENT IN SUPPORT OF MOTION TO STAY PENDING COMPLETION OF THE FRENCH ANNULMENT ACTION OR, <u>ALTERNATIVELY, REFUSE RECOGNITION OF THE ARBITRAL AWARD</u>

1. *Introduction*.

The arbitration award that is the subject of this confirmation proceeding is on appeal in France and, if overturned, any order by this Court that confirms the award will be moot. If, however, the French court sustains the award, this Court can thereafter confirm the award and Tetronics will not be prejudiced because it will be entitled to post-award interest that accrued in the interim.

Specifically, on May 20, 2020, BlueOak moved to annul and vacate (that is, reverse) the Final Award in Paris, France, the seat of the arbitration, by filing a Declaration of Appeal with the

Paris Court of Appeal. *See* Decl. of Alexander Blumrosen, attached hereto as Exhibit B, at ¶ 3. One day later, Tetronics filed its Motion to Confirm.

Tetronics failed to notify this Court of the ongoing French proceeding. Tetronics received notice of the Declaration of Appeal filed in France on June 15, 2020. *See id*. at ¶¶ 4-5. On July 1, 2020, Tetronics filed its Amended Complaint, with the only change being a footnote indicating that BlueOak had gone out of business. (*See* Dkt. 8, FN 1). What Tetronics failed to disclosure, however, was that it had appointed French counsel that appeared in the French annulment proceeding the very next day. *See, e.g.,* Exh. B at ¶ 6. Tetronics withheld this information, despite knowing that it could render this Court's decision moot.

The Paris Court of Appeal has scheduled a procedural hearing for the matter on September 22, 2020. *See id*. at ¶ 7. Again, Tetronics knew the French annulment proceeding was going on at the same time as this confirmation proceeding, but never told this Court about the same.

2. ***The French court has primary jurisdiction over the award and should be allowed to make its decision before this Court issues its ruling on whether to confirm it.***

BlueOak respectfully requests that this Court stay this action pending completion of the annulment proceeding in France. Alternatively, if such be necessary, BlueOak asks that this Court refuse to recognize the Final Award pursuant to Article V of the New York Convention.

As set forth in it's Amended Complaint, Plaintiff seeks confirmation from this Court of the Final Award rendered in ICC Case No. 23366/MK, dated April 20, 2020. (*See* Dkt. Nos. 8 at ¶ 15, 8-1). The seat of the underlying arbitration, the place of the award, and the final hearing all occurred in Paris, France. (*See* Dkt. No. 8-1, at pp. 5, 8, 19, 173).

In the appeal, BlueOak is asking the French courts to overturn the arbitrator's award because he rendered it, in part, on an interpretation of the contract that neither party argued or briefed. BlueOak's annulment proceeding is premised on violation of due process under Articles

1520(4) of the French Code of Civil Procedure and BlueOak's failure to be able to adequately present its case under New York Convention Article V(1)(b), among other things. If the French court rules in BlueOak's favor, the entire arbitration award will be annulled and any order by this Court confirming the award will be moot.

Confirmation of foreign arbitration awards is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, known as the New York Convention, and federal law implementing the same, codified at 9 U.S.C. §§ 201–208. *See Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Systems, Inc.*, 665 F.3d 1091, 1095 (9th Cir. 2011); *see also Ocean Partners Holdings Ltd. v. Doe Run Res. Corp.*, No. 4:11-CV-173 CEJ, 2012 WL 830486, at *2 (E.D. Mo. Mar. 12, 2012).

As the seat of the arbitration (*i.e.,* the location of the final hearing), France maintains primary jurisdiction over confirmation and enforcement of the Final Award. This means that the French Court has sole "jurisdiction over claims seeking to vacate, set aside, or modify [the] arbitration award." *See Gulf Petro Trading Co. v. Nigerian Nat'l Petroleum Corp.*, 512 F.3d 742, 746–47 (5th Cir. 2008) (the country "in which, or under the [arbitration] law of which, the award was made" has primary jurisdiction and can modify an award, but a United States court sitting in secondary jurisdiction cannot vacate, set aside or modify the award) (alteration in original); *see also M & C Corp. v. Erwin Behr GmbH & Co., KG*, 87 F.3d 844, 848 (6th Cir.1996) (for purposes of the New York Convention, the "country in which, or under the law of which, the award was made" refers "exclusively to procedural and not substantive law, and more precisely, to the regimen or scheme of arbitral procedural law under which the arbitration was conducted, and not the substantive law of contract which was applied in the case.") (internal citation omitted).

The underlying matter in this confirmation proceeding was not arbitrated in the United States according to its arbitral laws and, thus, any U.S. Court has secondary jurisdiction. Article V(1)(e) of the New York Convention provides that a court of secondary jurisdiction may refuse to enforce an arbitral award if it "has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made." 9 U.S.C. § 201, art. V(1)(e). Thus, the outcome of the annulment action now pending in France bears on the defenses available to BlueOak in this jurisdiction.

3. ***The New York Convention and federal law empowers this Court to adjourn this proceeding until the nullification proceeding in the French court is concluded.***

In such circumstances, Article VI of the New York Convention expressly empowers federal courts to "adjourn" a decision on enforcement of an arbitration award pending completion of nullification proceedings. 9 U.S.C. § 201, art. VI. Although there is very little Eighth Circuit case law on the issue, other federal courts uniformly recognize that "where a parallel proceeding is ongoing in the originating country and there is a possibility that the award will be set aside, a district court may be acting improvidently by enforcing the award prior to the completion of the foreign proceedings." *OJSC Ukrnafta v. Carpatsky Petroleum Corp.*, No. CV H-09-891, 2011 WL 13131147, at *3 (S.D. Tex. Oct. 12, 2011) (quoting *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 317 (2d Cir. 1998)).

Federal courts have looked to a non-exhaustive list of factors in determining whether to stay confirmation of an arbitration award. *Id.* at *3–4 (quoting *Europcar*, 156 F.3d at 317). Each of these factors (underlined below) favor a stay:

1. The general objectives of arbitration—the expeditious resolution of disputes and the avoidance of protracted and expensive litigation: Here, the parties agreed to arbitrate in Paris, France. Part of that agreement is that French courts have fundamental oversight

7

responsibility over the arbitration proceedings. BlueOak timely invoked the oversight responsibilities of French courts.

2. <u>The status of the foreign proceedings and the estimated time for those proceedings to be resolved</u>: Tetronics received formal notice and service of the French annulment proceeding on June 15, 2020 (long before it filed its motion for default), and resolution is expected next year. *See* Exh. B, at ¶¶ 4-8.

3. <u>Whether the award sought to be enforced will receive greater scrutiny in the foreign proceedings under a less deferential standard of review</u>: The French court will apply both French procedural law and the New York Convention in assessing the validity of the award. If the Paris Court of Appeals court sets aside the award, that decision shall be respected by in the U.S. unless it is "repugnant to fundamental notions of what is decent and just." *See, e.g., TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928, 939 (D.C. Cir. 2007) (internal quotation marks omitted).

4. <u>The characteristics of the foreign proceedings</u>:[1] The French annulment action was filed at the same time that this confirmation proceeding was commenced. BlueOak has brought its set-aside action in good faith rather than for purposes of delay. This Court should not confirm the award while the French proceedings are pending because it would conflict with legitimate French interests in regulating arbitrations held in French territory.

5. <u>A balance of the possible hardships to each of the parties</u>: Tetronics will face little hardship if the French set aside action is rejected because the arbitral award in its favor continues to

---

[1] This factor requires an analysis of the following: (1) whether they were brought to enforce an award (which would tend to weigh in favor of a stay) or to set the award aside (which would tend to weigh in favor of enforcement); (2) whether they were initiated before the underlying enforcement proceeding so as to raise concerns of international comity; (3) whether they were initiated by the party now seeking to enforce the award in federal court; and (4) whether they were initiated under circumstances indicating an intent to hinder or delay resolution of the dispute.

accrue interest. But if this Court confirms the award but it is then annulled in France, this Court's decision will be moot and may conflict with a future award in favor of BlueOak (essentially, BlueOak will be burdened by conflicting judgments, one which will be based on an overturned arbitration award). *See* New York Conv. Art. V(1)(e).

6. <u>Any other circumstance that could tend to shift the balance in favor of or against adjournment</u>:  Given this posture, it would thus be a waste of judicial resources to consider Plaintiff's Amended Complaint and request now, before the Paris Court of Appeals has reached a decision.

For these reasons, the policies disfavoring protracted litigation and the unnecessary expenditure of time and resources counsel strongly favor allowing the French proceedings to conclude before this Court proceeds.

In the alternative, for the same reasons that BlueOak asked the Paris Court of Appeal to set aside the award, this Court should refuse to confirm the final award pursuant to Article V of the New York Convention. If the Court denies BlueOak's Motion to Stay, BlueOak will be prepared to respond to the Amended Complaint on its merits according to any schedule set by the Court.

Dated: July 24, 2020

**BAKER & HOSTETLER LLP**

By: /s/ *Sashe D. Dimitroff*
Sashe D. Dimitroff, *lead counsel*
*(admission forthcoming)*
Texas Bar No. 00783970
sdimitroff@bakerlaw.com
Joseph R. Buller III, *of counsel*
Texas Bar No. 24110784
jbuller@bakerlaw.com
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 646-1320
Fax: (713) 751-1717

*Counsel for Defendant*
*BlueOak Arkansas, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document is being served on all parties and counsel of record on July 24, 2020, in accordance with the relevant Federal Rules of Civil Procedure and Local Rule 5.1:

Darby V. Doan
Arkansas Bar No. 96064
Cole A. Riddell
Arkansas Bar No. 2018051

HALTOM & DOAN
6500 Summerhill Rd., Suite 100
Texarkana, Texas 75503
Telephone (903) 255-1000
Facsimile (903) 255-0800
E-Mail: ddoan@haltomdoan.com
E-Mail: criddell@haltomdoan.com

*Counsel for Plaintiff*

By: /s/ *Sashe D. Dimitroff*
Sashe D. Dimitroff