UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **TETRONICS (INTERNATIONAL) LIMITED (United Kingdom),**<br><br>**Plaintiff,**<br><br>v.<br><br>**BLUEOAK ARKANSAS, LLC,**<br>**a Delaware limited liability company,**<br><br>**Defendant.** | **Civil Action No. 4:20-CV-530-SWW** |

## PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b)(1), Plaintiff Tetronics (International) Limited ("Tetronics") respectfully requests that the Clerk of the Court enter default judgment against BlueOak Arkansas, LLC ("BlueOak") for its failure to answer or otherwise respond to Tetronics' Complaint.  A proposed draft Default Judgment is attached hereto as Exhibit A.

Alternatively, if the Clerk of the Court declines to issue a default judgment, then Tetronics respectfully requests that this Honorable Court issue a default judgment against BlueOak pursuant to Fed. R. Civ. P. 55(b)(2).

On May 19, 2020, Tetronics filed its Complaint to confirm an arbitration award against BlueOak.  (Dkt. No. 1.)  On May 22, 2020, Tetronics served BlueOak with the Summons and Complaint via its registered agent.  (Dkt No. 5.)  Tetronics then filed an Amended Complaint with the Court on July 1, 2020, and served it on BlueOak's registered agent.  (Dkt. No. 8.) BlueOak, despite *twice* having actual notice of this action through its registered agent and through its own law firm of Baker Hostetler, neglected to timely file an answer or otherwise respond to the Summons and Complaint.  The Clerk of the Court entered default against

**PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT JUDGMENT** – Page 1

BlueOak on July 23, 2020.  (Dkt No. 11.)  On July 24, 2020, BlueOak filed its Motion to set aside the default.[1] (Dkt No. 12.)

Tetronics respectfully requests the entry of Default Judgment against Defendant BlueOak pursuant to Rule 55.  Specifically, Fed. R. Civ. P. 55(b)(1) provides that a Default Judgment may be entered by the Clerk if the plaintiff's claim is for a sum certain or a sum that can be made certain by calculation.  Here, Tetronics' claim is for a sum certain, or a sum that can be made certain by calculation (by referring to the arbitral award), and entry of a Default Judgment by the Clerk of the Court under Rule 55(b)(1) is appropriate.  Alternatively, Tetronics requests that the Court issue a Default Judgment pursuant to Rule 55(b)(2).  Defendant BlueOak is not an infant or incompetent person, and 50 App. USC § 521, the Servicemembers Civil Relief Act, does not apply.

Plaintiff's claim is an action to confirm an arbitral award as a Judgment of this Court. Plaintiff attached the arbitral award (the "Award") that is the subject of this action as Exhibit A to the Complaint (Dkt No 1).  Paragraph 602 (page 171) of the Award summarizes the civil damages the Arbitrator assessed against BlueOak and in favor of Tetronics.  (*See* Dkt. No. 1 a p. 183-85 of 193; Exhibit B (Declaration of C. Riddell)).  These civil damage amounts are:

  i.   BlueOak is ordered to pay Tetronics the sum of £2,111,392 as damages for breach of contract.

  ii.  BlueOak is ordered to pay to Tetronics the sum of £3,080,000 as damages for a wrongful draw on a bond.

  iii. BlueOak is ordered to pay to Tetronics pre-award interest in the amount of £503,810.

---

[1] As discussed further in Tetronics' Response (Dkt. No. 14), the default judgment should not be set aside because BlueOak failed to timely respond despite having actual knowledge of this action, and any further delays will impair Tetronics' ability to recover the amounts BlueOak is ordered to pay under the arbitral award.

**PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT JUDGMENT** – Page 2

  iv.  BlueOak (jointly with affiliate BlueOak Resources) is ordered to pay Tetronics US$850,000 for legal and other costs.

  v.  BlueOak (jointly with affiliate BlueOak Resources) is ordered to pay Tetronics US$141,100 for arbitration costs and fees.

*See id.* Added together, these awards amount to a total civil damage award against BlueOak in the amount of £5,191,392 British pounds and $991,100.00 US dollars. *See* Exhibit B. We request that the Clerk of the Court enter a default judgment reflecting these amounts.

  The factual and legal basis for these damage awards is summarized by the Arbitrator in the Award, and the Award reflects the Arbitrator's careful consideration of all such evidence of damages. The evidence considered by the Arbitrator in determining these damage amounts included (i) four rounds of memorial submissions (a memorial includes briefing, witness statements, and documentary and video exhibits); (ii) an eight day live hearing with more than a dozen live witnesses being examined under oath; (iii) two rounds of post hearing briefing; and (iv) hundreds of documentary and video/photographic exhibits.

  For the foregoing reasons, Tetronics respectfully requests the Clerk of the Court enter Default Judgment against BlueOak in the proposed form attached hereto as Exhibit A. Alternatively, Tetronics respectfully requests that the Court enter Default Judgment against BlueOak in the proposed form attached hereto as Exhibit A.

Respectfully submitted,

Darby V. Doan
Arkansas Bar No. 96064
Cole A. Riddell
Arkansas Bar No. 2018051
HALTOM & DOAN
6500 Summerhill Rd., Suite 100
Texarkana, Texas 75503
Telephone (903) 255-1000
Facsimile (903) 255-0800
E-Mail: ddoan@haltomdoan.com
E-Mail: criddell@haltomdoan.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on August 20, 2020 in compliance with Local Rule 5.1, which shall provide electronic service to all counsel of record.

Darby V. Doan