**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | | |
|---|---|---|
| TETRONICS (INTERNATIONAL LIMITED | * | |
| | * | |
| PLAINTIFF | * | |
| | * | |
| V. | * | CASE NO.  4:20CV00530 SWW |
| | * | |
| | * | |
| BLUEOAK ARKANSAS LLC | * | |
| DEFENDANT | * | |
| | * | |
| | * | |

## <u>ORDER</u>

Tetronics (International) Limited ("Tetronics"), a United Kingdom limited liability company, brings this action seeking confirmation of an arbitration award against BlueOak Arkansas, LLC ("BlueOak"), a Delaware limited liability company with a principal place of business in Osceola, Arkansas.

Before the Court is BlueOak's motion  [ECF No. 12], asking the Court to set aside the Clerk's entry of default entered on July 23, 2020 [ECF No. 11].  BlueOak also asks the Court to stay this action pending the outcome of annulment proceedings or, alternatively, to refuse recognition of the arbitration award. Tetronics filed a response in opposition [ECF No. 14], BlueOak filed a reply [ECF No.15], and Tetronics filed a sur-reply [ECF No. 16].  After careful consideration,

1

and for reasons that follow, BlueOak's motions to set aside and to stay this proceeding or refuse recognition of the arbitral award are denied.

## I.

In March 2014, Tetronics and BlueOak entered a contract (the "Contract") for the design, manufacture, and installation of a plasma arc furnace, by Tetronics, for use at BlueOak's e-waste recovery facility in Osceola, Arkansas. The Contract contained an arbitration clause, requiring that unresolvable disputes be submitted to arbitration under the rules of the International Chamber of Commerce ("ICC"), with Paris, France as the seat of arbitration.

In November 2015, after the installation of a plasma arc furnace at BlueOak's facilities, a catastrophic event caused molten metal to escape the system, causing substantial damage. In March 2016, the parties amended the Contract with provisions that incorporated the original agreement and provided for Tetronics to supply a replacement system. Disputes between the parties arose and multiplied, and Tetronics pursued arbitration in January 2018. On April 17, 2020, after extensive litigation that included discovery, briefing, an evidentiary hearing, and an opportunity for posttrial briefing, the arbitrator issued a 173-page arbitration award in Tetronic's favor.[1]

---

[1] ECF No. 2-1.

On May 19, 2020 Tetronics filed this action seeking confirmation of the arbitration award.  The next day, BlueOak filed a declaration of appeal with the Paris Court of Appeal, asking the French court to vacate the arbitration agreement on the ground that the arbitrator violated Article 1520 of the French Code of Civil Procedure, which provides that an arbitral award may only set aside for enumerated reasons, including where due process was violated.

On May 26, 2020, Tetronics filed a proof of service in this confirmation proceeding, showing that on May 22, 2020, it had  served the summons and complaint on BlueOak's agent for service in Arkansas:  CT Corporation System ("CT").[2]  BlueOak did not file an answer or responsive pleading, and on June 25, 2020, Tetronics moved to amend the complaint, stating that it wished to correct a pleading error misstating BlueOak's place of organization.[3]  The Court granted the motion, and Tetronics filed the amended complaint on July 1, 2020.[4]  In addition to correcting allegations regarding BlueOak's place of business, Tetronics' amended pleading included a footnote stating:  "Upon information and belief, BlueOak recently filed a certificate of dissolution as Tetronics seeks to enforce its arbitral award."[5]

---

[2]  ECF No. 5.
[3]  ECF No. 6.
[4]  ECF Nos. 7, 8.
[5]  ECF No. 8, at 2 n.1.

Pursuant to Rule 15(a)(3) of the Federal Rules of Civil Procedure, BlueOak's answer to the amended complaint was due on or before July 20, 2020. On July 22, 2020, with no answer or responsive pleading filed on behalf of BlueOak, Tetronics moved for entry of a default judgment under Rule 55(a) of the Federal Rules of Civil Procedure,[6] and on July 23, 2020, the Clerk properly entered default against BlueOak.[7]

Now before the Court is BlueOak's motion to set aside the Clerk's default and to either stay this proceeding, pending the outcome of its appeal in France, or refuse recognition of the arbitral award.[8]

## II.

### A.    Motion to Set Aside Clerk's Default

Rule 55(c) of the Federal Rules of Civil Procedure provides: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." "When examining whether good cause exists, the district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'"

---

[6] Rule 55(a) provides: "When a party against whom a judgment . . . is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

[7] ECF No. 11.

[8] ECF Nos. 12, 13.

*Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008)(quoting *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 784 (8th Cir.1998)).  In applying the good cause standard for setting aside an entry of default, Eighth Circuit precedent focuses heavily on the blameworthiness of the defaulting party, distinguishing between "contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines." *Johnson*, 140 F.3d at 784.  BlueOak maintains that its delayed appearance in this case was for good cause, it has a meritorious defense to confirmation of the arbitral award, and Tetronics will suffer no prejudice if the entry of default is set aside.

  ***Good Cause***.  Attempting to show good cause, BlueOak states that it has liquidated its assets to satisfy creditors and has vacated its place of business in Arkansas.  BlueOak surmises that its agent for service, CT, sent notice of this lawsuit to its abandoned facility in Osceola.

  By sworn declaration, Jennifer Sartorius, a Florida resident who served as BlueOak's director of finance and accounting, states that she "never received forwarded service and notice from CT . . . of any complaint or amended complaint filed in [this case]."[9]  Sartorius states that to her knowledge, "no other member or officer of BlueOak has received forwarded service and notice from CT . . . about

---

[9]   ECF No. 13-1, ¶ 3.

this lawsuit."[10]  She adds, "I only received notice of the lawsuit once my counsel

conducted an independent search of the relevant database."[11]  Sartorius does not

state whether BlueOak provided CT a forwarding address or contact information,

nor does she supply the date on which she learned about this lawsuit.

Tetronics provides evidence that BlueOak had actual knowledge of the

commencement of this action before the Clerk entered default on July 23, 2020.

Correspondence from BlueOak's counsel dated June 25, 2020 to BlueOak's known

creditors, including Tetronics, states that BlueOak carried out wind-up efforts and

sold its assets to an unrelated company and that the proceeds were insufficient to

pay BlueOak's creditors in full.  The letter includes information about the

arbitration proceedings between Tetronics and states that BlueOak was seeking

annulment of Tetronic's arbitration award.  Finally, and most important, the June

25 letter acknowledges that Tetronics had commenced this action to confirm the

arbitration award.

BlueOak does not dispute that Tetronics effected proper service by delivery

of the summons and complaint to CT, [12] and the Court finds that BlueOak has

---

[10]  *Id*., ¶ 4.

[11]  *Id*., ¶ 5.

[12]   Rule 4(h)(B) of the Federal Rules of Civil Procedure provides that service upon a corporation, partnership, or other unincorporated association may be made pursuant to the law of the forum state or by "delivering a copy of the summons and complaint to an . . . agent authorized by appointment . . . to receive service of process."

failed to show good cause for its failure to timely answer or respond to Tetronic's amended complaint. BlueOak's letter to creditors, dated June 25, 2020, shows that its attorneys knew about this confirmation action, and the Court finds it implausible that counsel failed to notify BlueOak's officers and members that Tetronics had commenced this action to confirm the arbitration award.

*Meritorious Defense*. Applicable in this case, Chapter 2 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 201-208, codifies the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), commonly known as the New York Convention. *See* New York Convention, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38. The United States Supreme Court has explained:

> The goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries.

*Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15, 94 S. Ct. 2449, 2457 n.15 (1974). The FAA provides:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C.A. § 207.  A district court must confirm the arbitral award unless a party

"successfully assert[s] one of the seven defenses against enforcement of the award

enumerated in Article V of the New York Convention."[13]  *Indus. Risk Insurers v.*

*M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1441 (11th Cir. 1998).

---

[13] Article V reads as follows:

> 1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:

> (*a*) The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or

> (*b*) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or

> (*c*) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or

> (*d*) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or

(citing 9 U.S.C. § 207; New York Convention, art. III.). "The party resisting confirmation—in this case, [BlueOak] —bears the heavy burden of establishing that one of the grounds for denying confirmation in Article V applies." *Gold Reserve Inc. v. Bolivarian Republic of Venezuela*, 146 F. Supp. 3d 112, 120 (D.D.C. 2015) (citing *Imperial Ethiopian Gov't v. Baruch–Foster Corp.*, 535 F.2d 334, 336 (5th Cir.1976); *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir.1987)).

Declaring that it has a meritorious defense, BlueOak invokes the defense under Article V(1)(b) of the Convention, that "the party against whom the award is invoked was . . . unable to present his case." *Convention Done at New York June 10, 1958;*, T.I.A.S. No. 6997, art. V(1)(b) (Dec. 29, 1970). Federal courts have held that the defense provided under Article V(1)(b) "essentially sanctions the

---

(*e*) The award has not yet become binding on the parties . . . or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

2. Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that:

(*a*) The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or

(*b*) The recognition or enforcement of the award would be contrary to the public policy of that country.

*Convention Done at New York June 10, 1958;*, T.I.A.S. No. 6997 (Dec. 29, 1970).

application of the forum state's standards of due process," and that due process rights are "entitled to full force under the Convention as defenses to enforcement." *Iran Aircraft Indus. v. Avco Corp.*, 980 F.2d 141, 145–46 (2d Cir. 1992) (quoting *Parsons & Whittemore Overseas Co., Inc. v. Societe Generale de L'Industrie du Papier (RAKTA),* 508 F.2d 969, 975–76 (2d Cir.1974)); *see also See Generica Ltd. v. Pharm. Basics, Inc.*, 125 F.3d 1123, 1129–30 (7th Cir.1997)("[A]n arbitral award should be denied ... if the party challenging the award proves that he was not given a meaningful opportunity to be heard as our due process jurisprudence defines it."); *Gold Reserve Inc. v. Bolivarian Republic of Venezuela*, 146 F. Supp. 3d 112, 127 (D.D.C. 2015)(noting that under Article V(1)(b), "the due-process standard applied in determining whether to enforce an award in a forum state— here, the United States—is that forum state's law").  Applying this forum's due process standard, BlueOak must show that it was denied "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976)(internal quotation omitted).

According to BlueOak, the arbitration award violates due process "because [the arbitrator] rendered it, in part, on an interpretation of the contract that neither party argued [nor] briefed."[14]  A review of the arbitration award shows otherwise.

---

[14] ECF No. 13, at 5.

During the arbitration proceedings, BlueOak claimed that Tetronics had breached

several promises and warranties, including those set forth under §§ 9.1(a) and 2.3

of the Contract.  The Contract provided detailed terms for the warranties provided

under § 9.1(a), including notice, cure, and remedy terms.[15]  Among other things,

the Contract required that BlueOak provide Tetronics notice within one month

after discovering a breach and that Tetronics cure the breach "as soon as

practicable."[16]   In contrast, the warranty under § 2.3 simply stated:  "The Seller

warrants that the Plan shall comply with the Proposal and the Contract."  As noted

in the arbitrator's award, the Contract provided a specific regime for § 9.1(a)

warranty claims, ***and*** § 9.1(a) contained language almost identical to § 2.3's bare-

bones warranty language—specifically, § 9.1(a) provided in part "the Seller

warrants that the Plant supplied by the Seller conforms to this Contract and

Proposal."[17]

       The arbitrator found it unreasonable to assume that the parties intended

"that, despite the carefully balanced warranty regime established under [§ 9.1(a)]

BlueOak was, in respect of precisely the same alleged material non-conformity, to

be at liberty under [§ 2.3] to immediately give notice of default and then terminate

---

[15] ECF No. 2-1, at 89-90.

[16] *Id*.

[17] ECF No. 2-1, at 95.

11

[the Contract] in the event the default was not cured within thirty days."[18] Accordingly, the arbitrator found that a "claim under [§ 2.3] is thus subject to the same contractual regime as a claim under the first category of warranty under [§ 9.1(a)]."[19]

Section 2.3, standing alone, was conspicuously void of operative terms, and before issuing his final decision and award, the arbitrator specifically requested post-hearing briefing regarding the "text of all relevant contractual provisions" bearing on BlueOak's claim the Tetronics had violated the bare-bones warranty language under § 2.3.[20] To resolve the claims presented, it was obviously necessary for the arbitrator to interpret the various warranty provisions, including § 2.3. The parties had ample opportunity to address proper interpretation of the warranty clauses at issue, and the award did not go beyond the claims asserted. In sum, the Court finds it clear that BlueOak has failed to assert a meritorious due process defense that would permit this Court to refuse recognition of the arbitral award under Article V of the Convention.

***Prejudice.*** Noting BlueOak's asserted insolvency, Tetronics maintains that it would suffer prejudice if BlueOak's default is excused because unnecessary delay in confirming the award would hamper Tetronic's ability to become a

---

[18] *Id.*
[19] ECF No. 2-1, at 96.
[20] ECF No. 17-3, at 7-8.

secured creditor.  Considering that BlueOak has shown neither good cause nor a meritorious defense, the Court agrees that Tetronics would suffer undue prejudice if the Court were to set aside the Clerk's entry of default.  Accordingly, the motion to set aside is denied.

### B.  Motion to Stay or Refuse Recognition of Arbitral Award

Even if the Court were to grant BlueOak's motion to set aside, it would deny BlueOak's  motion to stay this confirmation proceeding or, alternatively, to refuse recognition of the arbitral award.  Under the Convention, district courts have discretion to stay proceedings where "a parallel proceeding is ongoing in the originating country and there is a possibility that the award will be set aside." *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.,* 156 F.3d 310, 317 (2d Cir.1998). Article VI of the Convention provides:

> If an application for the setting aside or suspension of the award has been made to a competent authority referred to in article V(1)(*e*), the authority before which the award is sought to be relied upon may, if it considers it proper, adjourn the decision on the enforcement of the award and may also, on the application of the party claiming enforcement of the award, order the other party to give suitable security.

*Convention Done at New York June 10, 1958;*, T.I.A.S. No. 6997 (Dec. 29, 1970)

The Eighth Circuit has yet to address the issue, but the Second Circuit has advised, "A stay of confirmation should not be lightly granted lest it encourage abusive tactics by the party that lost in arbitration."  *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 317 (2d Cir. 1998)(citations omitted); *see*

*also* Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A., 377 F.3d 1164, 1172 (11th Cir. 2004)("The court should balance the Convention's policy favoring confirmation of arbitral awards against the principle of international comity embraced by the Convention.").  The Second Circuit has also proposed the following list of non-exclusive factors that merit consideration when faced with a motion to stay under Article VI:

> (1) the general objectives of arbitration—the expeditious resolution of disputes and the avoidance of protracted and expensive litigation;
>
> (2) the status of the foreign proceedings and the estimated time for those proceedings to be resolved;
>
> (3) whether the award sought to be enforced will receive greater scrutiny in the foreign proceedings under a less deferential standard of review;
>
> (4) the characteristics of the foreign proceedings including (i) whether they were brought to enforce an award (which would tend to weigh in favor of a stay) or to set the award aside (which would tend to weigh in favor of enforcement); (ii) whether they were initiated before the underlying enforcement proceeding so as to raise concerns of international comity; (iii) whether they were initiated by the party now seeking to enforce the award in federal court; and (iv) whether they were initiated under circumstances indicating an intent to hinder or delay resolution of the dispute;
>
> (5) a balance of the possible hardships to each of the parties, keeping in mind that if enforcement is postponed under Article VI of the Convention, the party seeking enforcement may receive "suitable security" and that, under Article V of the Convention, an award should not be enforced if it is set aside or suspended in the originating country, and
>
> (6) any other circumstances that could tend to shift the balance in favor of or against adjournment.

*Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 317–18 (2d Cir. 1998) (internal citation omitted).

After careful consideration of these factors, the Court finds that a stay is not warranted. Considering the first and second factors, BlueOak estimates that the its appeal in France will consume twelve to eighteen months.[21] Tetronics commenced the arbitration proceeding in January 2018, and after the parties conducted discovery and received a full hearing on all issues raised in the arbitration proceeding, the arbitrator issued a detailed, 173-page award on April 17, 2020. The Court finds it clear that in this case, confirmation of the award will advance the general objective of "expeditious resolution of disputes and the avoidance of protracted and expensive litigation."

Regarding the third factor, whether the award sought to be enforced will receive greater scrutiny in the foreign proceedings under a less deferential standard

---

[21] BlueOak submits a sworn declaration by Alexander Blumrosen, an American attorney admitted to the bar in Paris, France [ECF. No. 13-2]. Blumrosen states that he represents BlueOak in the appeal seeking to annul the arbitration award that Tetronics seeks to have confirmed in this case. He reports that on May 20, 2020, the day after Tetronics commenced this action, BlueOak filed a declaration of appeal with the Paris Court of Appeals, seeking to vacate the arbitration award. Blumrosen submits documents showing that Tetronics was served notice of the appeal on or about June 15, 2020 and that on July 2, 2020, Tetronics counsel filed an appearance in the appeal. The documents also show that an initial hearing in the appeal is scheduled for September 22, 2020. Blumrosen anticipates that the French appeal/annulment proceeding will be complete within twelve to eighteen months.

of review, BlueOak states that "French law forbids arbitrators from basing their award, even in part, on issues and arguments that were not pled or argued by the parties (even if this does not constitute an unexpected or unforeseeable development of the case) because it constitutes a violation of due process."[22]  On the other hand, BlueOak's French attorney, Alexander Blumrosen, testifies that BlueOak's grounds for annulment in France comport with the grounds for vacatur raised in Article V of the New York Convention."[23]  BlueOak provides no authority that the award will receive greater scrutiny under French law. Furthermore, BlueOak has failed to make a *prima facie* showing that the arbitrator denied it an opportunity to be heard at a meaningful time in a meaningful manner or that he violated any fundamental principle of due process.

As for the fourth factor, BlueOak commenced the French proceeding to annul the award one day after Tetronics filed this confirmation action, which weighs in favor of enforcement.  Finally, considering BlueOak's apparent insolvency, further delay in confirmation weighs in favor of denying a stay.

---

[22] ECF No. 15. at 5.
[23] ECF No. 15-1, ¶ 4.

**III.**

For the reasons stated, the Court finds no grounds for setting aside the Clerk's entry of default, for staying this confirmation proceeding pending resolution of the French appeal, or for refusing confirmation of the arbitration award.  IT IS THEREFORE ORDERED the Defendant's motion [ECF No. 12] is DENIED.

IT IS SO ORDERED THIS  14TH   DAY OF SEPTEMBER, 2020.

/s/Susan Webber Wright<br>UNITED STATES DISTRICT JUDGE