IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| TETRONICS (INTERNATIONAL) LIMITED | * * | |
| PLAINTIFF | * * | |
| V. | * * * | CASE NO. 4:20CV00530 SWW |
| BLUEOAK ARKANSAS LLC DEFENDANT | * * * * | |

## ORDER

Tetronics (International) Limited ("Tetronics"), a United Kingdom limited liability company, brings this action seeking confirmation of an arbitration award against BlueOak Arkansas, LLC ("BlueOak"), a Delaware limited liability company with a principal place of business in Osceola, Arkansas. Now before the Court is Tetronic's motion for the entry of a default judgment [ECF No. 16] and BlueOak's response in opposition [ECF No. 18]. After careful consideration, and for reasons that follow, the motion is granted and default judgment confirming the arbitration award will be entered.

On May 19, 2020, Tetronics filed this action seeking confirmation of an arbitral award in accordance with the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). Chapter 2 of the

1

Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208, covers international arbitration proceedings and incorporates the Convention.

On July 23, 2020, the Clerk properly entered default against BlueOak, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, and by order entered September 14, 2020, the Court denied BlueOak's motion to set aside the entry of default and to stay this proceeding or, alternatively, refuse recognition of the arbitration award.  Tetronics now seeks entry of a default judgment by the Clerk under Rule 55(b(1) or, alternatively, by the Court under Rule 55(b)(2). BlueOak defaulted by failing to make a timely appearance in this case but has nonetheless made an appearance, and the Court therefore finds that application for a default judgment falls under Rule 55(b)(2).[1]

The factual allegations set forth in the amended complaint, which are assumed to be true, are these.  In March 2014, Tetronics and BlueOak entered a contract that included an arbitration clause, requiring that unresolvable disputes be

---

[1] Rule 55(b)(1) of the Federal Rules of Civil Procedure provides that after a default has been entered for failure to appear, the clerk may enter a judgment by default when the claim is for "a sum certain or for a sum which can by computation be made certain." Fed. R. Civ. P. 55(b)(1).  However, Rule 55(b)(2) provides that "[i]n all other cases, the party must apply to the court for a default judgment[,] and "[i]f the party against whom a default judgment is sought has appeared . . . , that party must be served with written notice of the application at least 7 days before the hearing."  Finally, Rule 55(b)(2) provides that "the court may conduct such hearings or order such references as it deems necessary and proper" in order to "enable the court to enter judgment." Fed. R. Civ. P. 55(b)(2).

submitted to arbitration under the rules of the International Chamber of Commerce ("ICC"), with Paris, France as the seat of arbitration.[2]  Disputes arose in the course of performing the contract, Tetronics submitted an arbitration claim against BlueOak, and BlueOak submitted a counterclaim.  After extensive litigation, the ICC arbitrator issued an award in Tetronic's favor on April 17, 2020.[3]

Tetronic's factual allegations establish that the award arises from a commercial, non-domestic arbitration agreement, thus falling under the Convention, *see* 9 U.S.C. § 202,[4] and giving the Court subject matter jurisdiction. *See* 9 U.S.C. § 203.[5]  Chapter 2 of the FAA provides:

---

[2] ECF No. 3-2, at 24-25.
[3] ECF No 2-1.
[4] Title 9 U.S.C. § 202, titled "Agreement or Award falling under the Convention, provides:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention.  An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

[5] Title 9 U.S.C. § 203 provides:

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C.A. § 207. A district court must confirm the arbitral award unless a party "successfully assert[s] one of the seven defenses against enforcement of the award enumerated in Article V of the New York Convention." *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1441 (11th Cir. 1998).

BlueOak has filed a response in opposition to Tetronic's application, asserting that it responded to the amended complaint by filing a motion to set aside the entry of default and a motion to stay this confirmation proceeding or, alternatively, to refuse recognition of the arbitral award. BlueOak argues that until the Court decides its motion, Tetronic's application is "premature, entirely unwarranted and simply wrong."[6]

By order entered September 14, 2020, the Court denied BlueOak's motions, finding no ground for setting aside the entry of default, staying this proceeding, or refusing to recognize the arbitral award. The Court specifically found that

---

> courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

[6] ECF No. 19, at 4.

BlueOak had failed to assert a meritorious defense that would permit this Court to refuse recognition of the arbitral award under Article V of the Convention. And after careful consideration of factors pertinent to whether this case should be stayed pending a French proceeding initiated by BlueOak to annul the arbitral award, the Court denied BlueOak's motion for a stay. After careful consideration, the Court finds that Tetronics is entitled to a default judgment confirming its arbitral award against BlueOak.

    IT IS THEREFORE ORDERED that Plaintiff's motion for a default judgment [ECF No. 16] is GRANTED. A default judgment confirming the arbitral award will be entered together with this order.

    IT IS SO ORDERED THIS 28TH DAY OF SEPTEMBER, 2020.

                                               /s/Susan Webber Wright
                                               UNITED STATES DISTRICT JUDGE